(No. 2519—)

VETERANS OF FOREIGN WAR, LA FORE LOOK No. 755 DRUM & BUGLE CORPS, OF SPRINGFIELD, ILLINOIS, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1936.*

WILLIAM J. LAWLER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

In a complaint filed October 17, 1934 claimant alleges that in the month of March, A. D. 1934 it was the owner of various Drum and Bugle Corps equipment of the value of One Thousand Four Hundred Eleven and 48/100 ($1,411.48) Dollars. This equipment and property, by permission of the

State of Illinois, was stored in the State Arsenal Building at Springfield and was destroyed at the time the Arsenal burned, in the Spring of 1934. The complaint alleges that this fire occurred in March but the fire in fact was on Sunday, February 18, 1934.

Claimant seeks an award from the State in reimbursement of such loss. The Attorney General has filed a motion to dismiss the claim on behalf of respondent, contending that the permissive storing of said equipment in the building of respondent was a voluntary bailment and that there is no theory of law thereunder which would justify respondent in answering in damages for the loss of the property in question.

As disclosed by the claim, it appears that claimant's property was left in the Arsenal by the claimant for its own convenience and without charge, and the transaction therefore constituted a bailment for the sole benefit of the bailor. Under the ordinary rule of bailments where same is for the sole benefit of the bailor, the bailee is only liable for bailed property when he is guilty of gross negligence. No allegation of such negligence appears in the present complaint.

In addition to this, the State, in the conduct and maintenance of the Arsenal was engaged in a governmental function, and in the exercise thereof would not be liable for the negligence of any servant or employee in the absence of a statute making it so liable. *Minear* vs. *State Board of Agriculture*, 259 Ill. 549. *Bucholz, etc.* vs. *State*, 7 C. C. R. 241.

The motion of the Attorney General is allowed and the claim dismissed.